## Case No. 17,686.

### The WILLIAM A. HARRIS.

[8 Ben. 210.] [1]

District Court, E. D. New York. July, 1875.

#### LIEN ON VESSEL—LOAN TO OWNER.

1. A libel against a canal boat alleged that she was engaged in transporting goods on the navigable waters of the port of New York, and was in need of advances to enable her to prosecute her business: and that the libellant, at the request of her master and owner, advanced money to pay necessary towage bills. wharfage bills. and bills for materials whereby the boat was enabled to earn freight. The owner of the boat excepted to the libel for insufficiency. Held, that the libel did not state facts sufficient to entitle the libellant to a lien on the boat.

2. Mere advances of money to the owner of a vessel do not create a lien on her in favor of the lender, in the absence of any agreement for a lien upon the vessel, though the money be applied to the payment of liens upon the vessel.

Beebe, Wilcox & Hobbs, for libellant.
Owen & Gray, for claimants.

BENEDICT, District Judge. This case comes before the court upon an exception to the libel, upon the ground that the facts stated do not warrant the decree prayed for.

The allegations of the libel, material to be noticed, are simply these: That between the 1st day of July, 1874, and the 18th of November of the same year. the canal boat "William A. Harris" was engaged in transporting merchandise on the navigable waters of the port of New York, and was in need of advances in order to enable her to prosecute her business; and that the libellant, between the dates aforesaid, at the request of the master and owner of the boat, advanced large sums to pay the necessary towing bills, wharfage and material bills whereby the boat ‘was enabled to earn freight.

Upon these facts alone the libellant is not entitled to a decree. To say nothing of the want of definiteness and certainty which the libel displays, it wholly fails to state facts sufficient to entitle the libellant to a lien upon the vessel proceeded against. Assuming that the libellant's money was applied to the discharge of the bills referred to,—and this is not stated, —still facts are not stated from which the court can see that such bills were liens, nor is it averred that they were so. Further, it is not asserted that there was any agreement for a lien, in pursuance whereof the libellant advanced his money. The mere advance to the owner of a vessel, of money, though applied by the owner to discharge liens upon his vessel, without any agreement for a hypothecation of the vessel, does not create a lien in favor of the person who advances.

The exception is allowed and the libel dismissed with costs.

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]